UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION AT CINCINNATI

| | | |
|---|---|---|
| MARTEZ HUDSON, | : | Case No. 1:25-cv-506 |
| Plaintiff, | : | |
| vs. | : | District Judge Michael R. Barrett |
| | : | Magistrate Judge Kimberly A. Jolson |
| CORRECTIONAL OFFICER LORENZO, *et al.*, | : | |
| Defendants. | : | |

## REPORT AND RECOMMENDATION

Plaintiff, an Ohio inmate, brings this *pro se* civil rights action under 42 U.S.C. § 1983 and Ohio law against Corrections Officers Lorenzo, Wilson, and Thatcher; Lieutenant Mowery; the Rules Infraction Board (R.I.B.) on 6-3-2025; the "R.I.B. High Rank Crip Mafia;" the "Gorilla Stone Gangsta Crips Staff;" the "Gorilla Stone Gangsta Staff;" the "Crip Mafia Staff;" and the "Warren Correctional Institution [W.C.I.] Staff" for alleged violations of his rights related to disciplinary convictions he received between October 2024 and July 2025. By separate Order, Plaintiff has been granted leave to proceed *in forma pauperis*.

This matter is now before the Court for a s*ua sponte* review of Plaintiff's initial Complaint (Doc. 1-1) and Supplemental Amended Complaint (Doc. 5), which together constitute the operative Complaint in this matter, to determine whether the Complaint or any portion of it should be dismissed because it is frivolous, malicious, fails to state a claim upon which relief can be granted or seeks monetary relief from a Defendant who is immune from such relief. *See* 28 U.S.C. § 1915(e)(2)(B) & § 1915A(b).

I.  STANDARD

Because Plaintiff is a prisoner, and is proceeding *in forma pauperis*, the Court must dismiss the Complaint, or any part of it, that is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. § 1915(e)(2)(B) & § 1915A(b). Complaints by *pro se* litigants are to be construed liberally and held to less stringent standards than those prepared by attorneys. *Martin v. Overton*, 391 F.3d 710, 712 (6th Cir. 2004). But this leniency is not boundless, and "it is not within the purview of the district court to conjure up claims never presented." *Frengler v. Gen. Motors*, 482 F. App'x 975, 977 (6th Cir. 2012).

In reviewing Plaintiff's Complaint at this stage, the Court must construe it in his favor, accept all well-pleaded factual allegations as true, and evaluate whether it contains "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). But the Court is not required to accept factual allegations that are "clearly irrational or wholly incredible." *Ruiz v. Hofbauer*, 325 F. App'x 427, 429–30 (6th Cir. 2009). Rather, "[a] claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 556). Although "detailed factual allegations" are not required, the Court must dismiss the Complaint "if it tenders naked assertions devoid of further factual enhancement." *Iqbal*, 556 U.S. at 662. (internal quotation and quotation marks omitted). In the end, "basic pleading essentials" are still required. *Wells v. Brown*, 891 F.2d 591, 594 (6th Cir. 1989).

II.  PLAINTIFF'S COMPLAINT

In his Complaint, Plaintiff takes issue with two groups of disciplinary charges. As to the first group of charges, Plaintiff alleges that on May 23, 2025, Defendants Lorenzo and Wilson

2

charged him with violating the following 6 conduct rules: Rule 2.1 (threatening bodily harm to another person); Rule 5.2 (disobedience of a direct order); Rule 10.1 (unauthorized possession or manufacture of drugs or another intoxicating substance); Rule 10.2 (unauthorized consumption of drugs or another intoxicating substance); Rule 12.2 (destruction, alteration, or misuse of property); and Rule 12.7 (possession of any other contraband). (Doc. 1-1 at 5). *See also* Ohio Rev. Code § 5120-9-06 (Inmate Rules of Conduct). On the same date, Defendant Mowery verified that the contraband Plaintiff was charged with possessing consisted of 2.5 gallons of homemade alcohol, pillows, and an antenna. (*Id*.).

A disciplinary hearing was held on June 3, 2025. (*Id*.). Plaintiff pleaded not guilty but was found guilty. (*Id*.). According to Plaintiff, the guilty finding was based, at least in part, on a fraudulent statement by Defendants Lorenzo and Wilson in the conduct report that Plaintiff "self admit[ted]" to possessing the contraband. (*Id*.). Plaintiff contends that his purported admission was inconsistent with his request at the R.I.B. hearing to see video showing where the contraband was found. (*Id*.). Plaintiff further contends that he was targeted for and retaliated against with the false misconduct findings because he allegedly told Lorenzo and Wilson that he had "killed CO's before." (*Id*. at 6).

As to the second group of charges, Plaintiff alleges that between October 2024 and July 2025 he was found guilty of "false medical emergencies" based on testimony from medical, correctional, and administrative staff that he was found intoxicated and with low blood pressure. (Doc. 5 at 5). Plaintiff again asserts that he was targeted for and retaliated against with the false misconduct findings. According to Plaintiff, he was found guilty of the violations in order to "t[a]mper" with his eligibility for early release. More specifically, Plaintiff contends that he was targeted for discipline because of his criminal history, which included gang affiliations, and

3

because of his failure to assist the charging officers with their "own jurisdictional status." (*Id*. at 5–6).

For relief, plaintiff seeks monetary damages. (*See* Doc. 1-1 at 6; *see also* Doc. 1-1 (Civil Cover Sheet)).

### III. ANALYSIS

Based on the above allegations, Plaintiff brings claims for "fraud of property," falsifying a conduct report, abuse of authority, and retaliation/targeting. (*See* Doc. 1-1 at 6; Doc. 5 at 6). Liberally construing the Complaint, *see Martin*, 391 F.3d at 712, the Court understands it to assert § 1983 claims for retaliation, under the First Amendment, and due process deprivations, under the Fourteenth Amendment, and a state-law claim for fraud. For the reasons below, each of these claims is subject to dismissal for failure to state a claim upon which relief can be granted. 28 U.S.C. § 1915(e)(2)(B) & § 1915A(b).

#### A   Unaddressed Defendants

As an initial matter, the Court should dismiss all of Plaintiff's claims against Defendants Thatcher, the "R.I.B. High Rank Crip Mafia;" the "Gorilla Stone Gangsta Crips Staff;" the "Gorilla Stone Gangsta Staff;" the "Crip Mafia Staff;" and the "W.C.I. Staff" for failure to state a claim upon which relief can be granted because the Complaint fails to contain specific factual allegations against any of these Defendants. *See Rollen v. Horton*, Case No. 3:08-cv-227, 2009 WL 1346119, at *2 (M.D. Tenn. May 11, 2009) (dismissing claims against the defendants whom plaintiff did not plead factual allegations against for failure to state a claim). Moreover, even if Plaintiff had mentioned these Defendants in the Complaint, the Court turns next to the substance of his claims and why they are otherwise subject to dismissal.

4

### B. Failure to State a First Amendment Retaliation Claim

As to the remaining Defendants, Plaintiff's allegations of retaliatory or targeted discipline fail to state a plausible claim under the First Amendment. A prisoner seeking to establish a First Amendment retaliation claim must show that (1) he was engaged in protected conduct; (2) the defendant took an adverse action that was capable of deterring a person of "ordinary firmness from continuing to engage in that conduct"; and (3) "the adverse action was motivated at least in part by the [prisoner's] protected conduct." *Hill v. Lappin*, 630 F.3d 468, 472 (6th Cir. 2010) (quoting *Thaddeus-X v. Blatter*, 175 F.3d 378, 394, 398 (6th Cir. 1999) (en banc)).

In this case, Plaintiff's retaliation claim is subject to dismissal for several reasons. First, Plaintiff's allegations that he was convicted of the disciplinary charges because he supposedly said that he had killed corrections officers before (Doc. 1-1 at 5) and because he refused to assist the charging officers with their "jurisdictional status" (Doc. 5 at 6) suggest nothing more than that he disagreed with the charges he faced. As set forth above, Plaintiff was charged with, among other things, violating Rule 2.1 (threatening bodily harm to another person) and Rule 5.2 (disobedience of a direct order). (Doc. 1-1 at 5). Without more, the Court cannot plausibly infer the first element of a retaliation claim—that Plaintiff was engaged in protected conduct. Allegations of protected conduct are especially important in the context of retaliatory discipline because "every act of discipline by prison officials is by definition 'retaliatory' in the sense that it responds directly to prisoner misconduct." *Adams v. Rice*, 40 F.3d 72, 74 (4th Cir. 1994). As such, Plaintiff must allege more than his "personal belief that he [was] the victim of retaliation." *Johnson v. Rodriguez*, 110 F.3d 299, 310 (5th Cir. 1997) (internal quotation marks omitted). Plaintiff has not done so here.

Plaintiff's contention that he was targeted because of his criminal history fares no better.

5

A plaintiff's "conviction does not constitute conduct on the part of [the] plaintiff that is protected under the First Amendment." *Ruiz v. Woodfill*, No. 2:19-cv-2118, 2020 WL 6118546, at *1 (E.D. Cal. Oct. 16, 2020). And even if Plaintiff could show that his criminal history was entitled to some form of protection under the First Amendment, *see Rodgers v. Hawley*, 14 F. App'x 403, 408 (6th Cir. 2001) (noting the "First Amendment affords prisoners a right of access to the courts"), the Complaint is devoid of allegations showing that any of Defendants were aware of it much less motivated by it. "[C]onclusory allegations of retaliatory motive 'unsupported by material facts will not be sufficient to state . . . a claim under § 1983.'" *Harbin v. Rutter*, 420 F.3d 571, 580 (6th Cir. 2005) (quoting *Gutierrez v. Lynch*, 826 F.2d 1534, 1538–39 (6th Cir. 1987)).

Accordingly, Plaintiff's First Amendment retaliation claim should be dismissed.

### C.  Failure to State A Fourteenth Amendment Due Process Claim

Plaintiff's allegations also fail to state a plausible Fourteenth Amendment due process claim. The Fourteenth Amendment's Due Process Clause protects persons against deprivations of life, liberty, and property. *Wilkinson v. Austin,* 545 U.S. 209, 221 (2005). Prisoners, however, have narrower liberty interests than other citizens. *Grinter v. Knight*, 532 F.3d 567, 573 (6th Cir. 2008). Indeed, a prisoner has no constitutional right to be free from false accusations of misconduct. *Jackson v. Hamlin*, 61 F. App'x 131, 132 (6th Cir. 2003). A prison disciplinary action will not implicate a liberty interest requiring due process safeguards unless the punishment imposed will "*inevitably*" affect the duration of an inmate's sentence, such as a loss of good time credits, or will inflict an "atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life." *Sandin v. Conner*, 515 U.S. 472, 484, 487 (1995) (emphasis added).

Here, Plaintiff challenges his misconduct convictions and asserts that they put his judicial release "at risk." (Doc. 1-1 at 6; Doc. 5 at 5–6). But "[f]indings of misconduct, even findings that

*could* lengthen a prison sentence, do not implicate a protected liberty interest so long as the parole board retains discretion to release a prisoner based on a myriad of considerations." *Johnson v. Mohr*, No. 2:15-cv-86, 2015 WL 1526804, at *3 (S.D. Ohio Apr. 3, 2015).  Under Ohio law, a prisoner does not have a liberty interest in parole.  *Michael v. Ghee,* 498 F.3d 372, 378 (6th Cir. 2007).  This is because Ohio has a completely discretionary parole system.  *Id*.  The parole board considers numerous factors in determining whether to grant parole.  *Johnson*, 2015 WL 1526804, at *3 (citing Ohio Admin. Code § 5120:1–1–07).  "An inmate's eligibility for parole at a certain time under a discretionary parole system is not an 'atypical and significant hardship' and does not implicate a liberty interest."  *Id*. (citing *Michael*, 498 F.3d at 378).  Because Plaintiff does not indicate that he was sanctioned with the loss of good time credits but merely that his disciplinary convictions *may* affect his early release, his due process claim fails to implicate a liberty interest and should be dismissed for failure to state a claim upon which relief can be granted.  *See id*.

        **D.**       **Failure to State a Fraud Claim under Ohio Law**

Nor has Plaintiff stated a plausible claim for fraud under Ohio law.  An action for fraud in Ohio has the following elements: "a) a misrepresentation . . . , b) . . . material to the transaction at hand, c) made falsely, . . . d) with the intent of misleading another into relying upon it, e) justifiable reliance upon the misrepresentation . . . , and f) a resulting injury proximately caused by the reliance."  *AAA Installers v. Sears Holdings Corp.*, 764 F. Supp. 2d 931, 939 (S.D. Ohio 2011) (alterations in original) (quoting *Wing v. Anchor Media, Ltd.*, 570 N.E.2d 1095, 1099 (1991)).  Plaintiff focuses this claim on his misconduct convictions for possession of contraband.  (*See* Doc. 1-1 at 5).  He asserts that those convictions were based on a false statement in his conduct report that he admitted to possessing the contraband.  (*Id*.).  But Plaintiff nowhere alleges justifiable reliance on that statement, one of the elements of fraud.  To the contrary, he alleges that the R.I.B.

7

was not justified in relying on his purported admission because during his disciplinary hearing he asked to see video footage showing where the contraband was found. (*Id*.). Because Plaintiff has failed to establish the elements of fraud, his state-law fraud claim is subject to dismissal for failure to state a claim upon which relief can be granted.

      E.      **Conclusion**

Accordingly, the Court should **DISMISS with prejudice** Plaintiff's § 1983 and state-law claims for failure to state a claim upon which relief may be granted. 28 U.S.C. §§ 1915(e)(2)(B) & 1915A(b)(1).

**IT IS THEREFORE RECOMMENDED THAT:**

1.      Plaintiff's 42 U.S.C. § 1983 claims against Defendants for retaliation in violation of the First Amendment and deprivations of due process in violation of the Fourteenth Amendment be **DISMISSED with prejudice** for failure to state a claim upon which relief can be granted, pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b)(1);

2.      Plaintiff's state-law claim against Defendants for fraud be **DISMISSED with prejudice** for failure to state a claim upon which relief can be granted, pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b)(1); and

3.      The Court certify pursuant to 28 U.S.C. § 1915(a)(3) that for the foregoing reasons an appeal of any Order adopting this Report and Recommendation would not be taken in good faith. *See McGore v. Wrigglesworth*, 114 F.3d 601 (6th Cir. 1997), *overruled on other grounds*, *Jones v. Bock*, 549 U.S. 199, 203 (2007).

**PROCEDURE ON OBJECTIONS:**

If any party seeks review by the District Judge of this Report and Recommendation, that party may, within fourteen (14) days, file and serve on all parties objections to the Report and

Recommendation, specifically designating this Report and Recommendation, and the part in question, as well as the basis for objection. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). Response to objections must be filed within fourteen (14) days after being served with a copy. Fed. R. Civ. P. 72(b).

The parties are specifically advised that the failure to object to the Report and Recommendation will result in a waiver of the right to *de novo* review by the District Judge and waiver of the right to appeal the judgment of the District Court. *See, e.g., Pfahler v. Nat'l Latex Prod. Co.*, 517 F.3d 816, 829 (6th Cir. 2007) (holding that "failure to object to the magistrate judge's recommendations constituted a waiver of [the defendant's] ability to appeal the district court's ruling"); *United States v. Sullivan*, 431 F.3d 976, 984 (6th Cir. 2005) (holding that defendant waived appeal of district court's denial of pretrial motion by failing to timely object to the magistrate judge's report and recommendation). Even when timely objections are filed, appellate review of issues not raised in those objections is waived. *Robert v. Tesson*, 507 F.3d 981, 994 (6th Cir. 2007) ("[A] general objection to a magistrate judge's report, which fails to specify the issues of contention, does not suffice to preserve an issue for appeal . . . .") (citation omitted).

Date: October 31, 2025               s/ Kimberly A. Jolson
                                     KIMBERLY A. JOLSON
                                     UNITED STATES MAGISTRATE JUDGE